IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CHRISTINA OWENS, | : |
| | : |
| JESSICA WARREN, | : |
| | : CIVIL ACTION NO.: 3:22cv504 |
| and | : |
| | : |
| JOZALYNN WALKER, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| SOFIA SMILES PLLC | : |
| | : |
| and | : |
| | : |
| MUSTAFA ALKHANDAK, | : |
| | : |
| Defendants. | |

## COMPLAINT

Plaintiffs Christina Owens, Jessica Warren, and Jozalynn Walker (collectively, "Plaintiffs") seek all available relief under the Fair Labor Standards Act, 29 U.S.C. § *201 et seq.* ("FLSA") and the Virginia Overtime Wage Act, Va. Code. Ann. § 40.1-29.2 *et seq*. ("VOWA"). Plaintiff Warren seeks all available relief for retaliatory termination pursuant to 29 U.S.C. § 215(a)(3) and Va. Code Ann. § 40.1-27.3.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Any claims arising under state law, including those under VOWA, are properly before this Court pursuant to 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this District, and Defendants conduct business in this District.

## PARTIES

4. Plaintiff Christina Owens is an adult individual currently residing in Spotsylvania, Virginia. Plaintiff Owens was employed by Defendants as a dental assistant from approximately January 2020 to approximately March 2022.

5. Plaintiff Jessica Warren is an adult individual residing in Fredericksburg, Virginia. Plaintiff Warren was employed by Defendants from approximately October 2020 to approximately May 17, 2022 when Defendants terminated Plaintiff Warren in retaliation for Plaintiff Warren filing a complaint for unpaid overtime compensation with the Virginia Department of Labor and Industry (VADOL).

6. Plaintiff Jozalynn Walker is an adult individual currently residing in Spotsylvania, Virginia. Plaintiff Walker was employed by Defendants as a dental assistant from approximately September 2019 to approximately March 2021 when Defendants terminated Plaintiff Walker's employment while she was on maternity leave.

7. Defendant Sofia Smiles PLLC ("SSP") is a dental practice located in Fredericksburg, Virginia.

8. At all relevant times, SSP was an employer of Plaintiffs within the meaning of 29 U.S.C. § 203(d).

9. During at least the last three years, SSP has had gross annual sales in excess of $500,000.

10. During at least the last three years, SSP has employed workers, including Plaintiffs, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

11. Defendant Mustafa Alkhandak is the principal and owner of Defendant SSP.

12. Defendant Alkhandak was responsible for the illegal "straight-time-for-overtime" payroll policies at issue in this Complaint.

13. Defendant Alkhandak hired, fired, and exercised supervisory authority over Plaintiffs and their work.

14. Defendant Alkhandak was Plaintiffs' employer within the meaning of the FLSA and may be held individually liable for the illegal payroll policies alleged herein.

## FACTS

15. Plaintiffs typically worked in excess of 40 hours per week, but were never paid an overtime premium of 1.5x their regular rate of pay (the "Overtime Rate") for any hours worked over 40 in a workweek.

16. Defendants maintained an illegal payroll policy of paying Plaintiffs "straight-time-for-overtime," meaning that Defendants paid Plaintiffs at the same hourly rate of pay for hours 1-40 and hours 40+ in a workweek, in violation of 29 U.S.C. § 207(a).

17. Plaintiff Owens worked for Defendants as a dental assistant, but her job duties also including cleaning, plumbing, and painting.

18. Plaintiff Owens was paid $18.00 per hour.

19. Plaintiff Owens worked, on average, 45 hours per week, but was never paid at the Overtime Rate for hours worked over 40 in a workweek. Defendants paid Plaintiff Owens $18.00 per hour, regardless of the amount of hours Plaintiff Owens worked in a workweek.

20. Plaintiff Warren worked in Defendants' front office. Plaintiff Warren answered the phones, scheduled patients, and handled phone calls with insurance companies.

21. Plaintiff Warren was paid $22.00 per hour.

22. Plaintiff Warren worked, on average, 45-50 hours per week, but was never paid at the Overtime Rate for hours worked over 40 in a workweek. Defendants paid Plaintiff Warren $22.00 per hour, regardless of the amount of hours Plaintiff Warren worked in a workweek.

23. In or around May 2022, pursuant to VOWA, which went into effect July 1, 2021, Plaintiff Warren filed a complaint for unpaid overtime compensation with the VADOL.

24. On May 16, 2022, Defendants received Plaintiff Warren's VADOL complaint.

25. One day later, on May 17, 2022, Defendants terminated Plaintiff Warren's employment due to her complaint to the VADOL. Defendant Alkhandak called Plaintiff Warren on the morning of May 17th and told Plaintiff Warren not to come into work. Defendant Alkhandak told Plaintiff Warren that he cannot trust her (due to filing the complaint) and that he had a replacement coming in to fill Plaintiff Warren's role. When Plaintiff Warren asked if she was being fired, Defendant Alkhandak responded that he would be in touch with Plaintiff Warren if her replacement did not work out.

26. In response to Plaintiff Warren's VADOL complaint for unpaid overtime compensation, Defendants paid Plaintiff Warren about $2,180.00 in unpaid overtime compensation for the period July 1, 2021 (the VOWA effective date) through approximately May 2022, and an equal amount in liquidated damages.

27. However, Defendants did not pay Plaintiff Warren the unpaid overtime compensation she is due under the FLSA for the period October 2020 through July 1, 2021 or the full trebled amount of liquidated damages she was due under VOWA.

28. Plaintiff Walker performed both dental assistant and front office work tasks that Plaintiffs Owens and Warren performed.

29. Plaintiff Walker was paid $17.00 per hour.

30. Plaintiff Walker worked, on average, 91 hours per week, but was never paid at the Overtime Rate for hours worked over 40 in a workweek. Defendants paid Plaintiff walker $17.00 per hour, regardless of the amount of hours Plaintiff Walker worked in a workweek.

31. Plaintiff Walker worked in Defendants' office, without breaks, from 9am to 5pm, Monday through Friday.

32. Defendants had Defendant SSP's phone line transferred to Plaintiff Walker's personal cell phone and required that Plaintiff Walker answer any and all of Defendants' phone calls received between the hours of 5pm-12am, Monday through Friday, and the hours of 9am-5pm, Saturday and Sunday.

33. Each weeknight, Plaintiff Walker answered, on average, 7 or more phone calls between the hours of 5pm and 12am. On Saturdays, Plaintiff Walker answered, on average, 10 or more calls per day. On Sundays, Plaintiff Walker answered, on average, 7 or more phone calls per day.

34. Defendants required Plaintiff Warren to answer any and all phone calls that were received between the hours of 5pm and 12am on weekdays, and 9am and 5pm on weekends.

35. If Defendant Alkhandak saw that a phone call went unanswered between the hours described in the paragraph above, he would reprimand Plaintiff Walker.

36. To compensate Plaintiff Walker for the time Defendants required her to be working Defendant SSP's phones, Defendants improperly only paid Plaintiff Walker for an additional 1 hour per day, *at her regular rate of pay*.

37. Defendants paid Plaintiff for 47 hours of work per week (40 hours in the office + 1 hour each day for answering phones), but did not pay Plaintiff Walker at the Overtime Rate for hours 40-47, and did not pay Plaintiff Walker *any compensation for hours 47-91*, which were

5

required to be paid at the Overtime Rate.

## COUNT I – Unpaid Overtime
## Violation of the FLSA
## Plaintiffs v. Defendants

38. All previous paragraphs are incorporated as though fully set forth herein.

39. The FLSA requires that covered employees be compensated at a rate of not less than one and one half their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1).

40. Defendant SSP is subject to the wage requirements of the FLSA because Defendant SSP is an "employer" under 29 U.S.C. § 203(d).

41. During all relevant times, Defendant SSP was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42. During all relevant times, Plaintiffs were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

43. Plaintiffs were not exempt from the overtime requirements of the FLSA. Plaintiffs were entitled to be paid at the Overtime rate for all hours worked over 40 in a workweek, pursuant to 29 U.S.C. § 207(a)(1).

44. Defendants failed to comply with 29 U.S.C. § 207(a)(1) by failing to compensate Plaintiffs at the Overtime Rate for all hours worked over 40 in a workweek

45. Defendants knowingly failed to compensate Plaintiff at the Overtime Rate for all hours worked in excess of 40 hours per workweek, in violation of 29 U.S.C. § 207(a)(1).

46. Defendants also failed to make, keep, and preserve records with respect to Plaintiff sufficient to determine her wages, hours, and other conditions of employment in violation of the

FLSA.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(a)(5).

47. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

48. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

### COUNT II – Unpaid Overtime
### Violation of VOWA
### Plaintiffs Owens and Warren v. Defendants

49. All previous paragraphs are incorporated as though fully set forth herein.

50. VOWA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at 150% of the regular rate of pay.  *See* Va. Code Ann. § 40.1-29.2(B).

51. Defendant SSP is subject to the overtime requirements of the VOWA because Defendant is an employer under Va. Code Ann. § 40.1-29.2(A).

52. Plaintiffs Owens and Warren were covered employees entitled to the above-described VOWA protections.  *Id.*

53. Defendants failed to compensate Plaintiffs Owens and Warren at 150% of their regular rate of pay for hours worked in excess of 40 hours in a workweek, in violation of VOWA.

54. Defendant SSP is not exempt from VOWA's overtime pay requirements with respect to Plaintiffs Owens and Warren, and Plaintiffs Owens and Warren were not subject to any VOWA exemptions.

55. Pursuant to Va. Code Ann. §§ 40.1-29.2(F) and 40.1-29(J), employers such as Defendants who knowingly fail to pay an employee wages in conformance with VOWA, shall be liable to the employee for the wages or expenses that were not paid, pre and post judgment interest,

liquidated damages of up to 200% of unpaid wages, court costs, and attorneys' fees incurred in recovering the unpaid wages.

### COUNT III – Unlawful Retaliation
### Violation of 29 U.S.C. § 215(a)(3)
### Plaintiff Warren v. Defendants

56. All previous paragraphs are incorporated as though fully set forth herein.

57. It is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." *See* 29 U.S.C. § 215(a)(3) (alteration added).

58. The FLSA requires that covered employees be compensated at a rate of not less than one and one half times their regular rate of pay for all hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1).

59. As previously explained, Defendants' compensation scheme applicable to Plaintiffs failed to comply with 29 U.S.C. § 207.

60. Plaintiff Warren engaged in protected activity under the FLSA when she filed a claim for unpaid overtime compensation with the VADOL.

61. On May 17, 2022, Defendants retaliated against Plaintiff Warren by terminating her employment just 1 day after receiving Plaintiff Warren's complaint of unpaid overtime compensation to the VADOL.

62. Plaintiff's protected complaint to the VADOL was the direct and proximate cause of Defendants' termination of Plaintiff Warren's employment.

63. Defendants willfully retaliated against Plaintiff Warren by terminating her employment because she engaged in the protected activity, in violation of 29 U.S.C. § 215(a)(3).

64. Employers such as Defendants who willfully retaliate against an employee for engaging in such protected activity may be liable to the employee for back pay, front pay, interest, liquidated damages, compensatory damages, punitive damages, and attorneys' fees and costs.

### COUNT IV – Unlawful Retaliation
### Violation of Va. Code Ann. § 40.1-27.3
### Plaintiff Warren v. Defendants

65. All previous paragraphs are incorporated as though fully set forth herein.

66. Va. Code Ann. § 40.1-27.3 states that an "employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee … in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official[.]" (alterations added).

67. As explained above, the FLSA and VOWA require that an employer pay its employees 1.5x the employee's regular rate of pay for each hour worked over 40 hours in a workweek.

68. Also as explained above, Defendant violated the FLSA and VOWA when they failed to pay Plaintiff Warren at the Overtime Rate for each hour worked over 40 in a workweek.

69. Plaintiff Warren engaged in protected activity under Va. Code Ann. § 40.1-27.3 when she filed a complaint for unpaid overtime compensation with the VADOL.

70. On May 17, 2022, Defendants retaliated against Plaintiff Warren by terminating her employment just 1 day after receiving Plaintiff Warren's complaint of unpaid overtime compensation to the VADOL.

71. Plaintiff Warren's protected complaint was the direct and proximate cause Defendants' termination of her employment.

9

72. Employers such as Defendants who violate Va. Code Ann. § 40.1-27.3 may be liable to the employee for compensation for lost wages, benefits, and other remuneration, together with interest thereon, as well as reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

A. As to Counts I-II:

1. Unpaid overtime wages for all hours worked over 40 in a workweek,
2. Prejudgment interest to the fullest extent permitted under the law;
3. Liquidated damages to the fullest extent permitted under the law;
4. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

B. As to Count III:

1. Back pay, including but not limited to lost wages and benefits, to the fullest extent permitted under the law;
2. Front pay to the fullest extent permitted under the law;
3. Liquidated damages to the fullest extent permitted under the law;
4. Compensatory damages to the fullest extent permitted under the law;
5. Prejudgment interest to the fullest extent permitted under the law;
6. Punitive damages to the fullest extent permitted under the law; and
7. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law.

C. As to Count IV:

1. Compensation for lost wages, benefits, and other remuneration, to the fullest extent permitted under the law;

    2. Interest to the fullest extent permitted under the law; and

    3. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law.

D. As to all Counts:

    1. Such other and further relief as the Court deems just and proper

Dated: July 19, 2022            Respectfully Submitted,

**GOODLEY MCCARTHY LLC**

by: /s/ James E. Goodley
James E. Goodley (VA 87573)
Ryan P. McCarthy*
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorneys for Plaintiff and the Class*

*\*Pro hac vice application forthcoming*